# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SYMPHONY HEALTH SOLUTIONS CORPORATION, SOURCE HEALTHCARE ANALYTICS LLC, and IMPACTRX, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>IMS HEALTH INCORPORATED,<br><br>Defendant. | Civil Action No. 13-4290<br><br>Hon. Jan E. DuBois |

**IMS HEALTH INCORPORATED'S SUR-REPLY MEMORANDUM OF LAW IN OPPOSITION TO SYMPHONY'S MOTION TO DISMISS THE AMENDED <u>COUNTERCLAIMS OF IMS HEALTH INCORPORATED</u>**

**I.    INTRODUCTION**

Pursuant to the Court's permission orally granted during the parties' Rule 16 conference, Defendant IMS Health Incorporated ("IMS Health") respectfully submits this sur-reply memorandum of law to address a new argument set forth by Plaintiffs Symphony Health Solutions Corporation, Source Healthcare Analytics LLC, and ImpactRx, Inc. (collectively, "Symphony") in their reply memorandum of law in support of Symphony's Motion to Dismiss IMS Health's Amended Counterclaims ("Reply Brief"). In the Reply Brief, Symphony makes another ill-fated attempt to present its skewed story and keep this Court from learning of Symphony's campaign to steal the investment and innovation made by IMS Health. Symphony contends that this Court should dismiss IMS Health's misappropriation of trade secrets and improper procurement of confidential information counterclaims (the "Trade Secret Counterclaims") because they are supposedly "duplicative" of claims asserted in a separate

patent infringement action (the "Patent Action") filed by IMS Health in the United States District Court for the District of Delaware. This argument fails; the Patent Action is not, in fact, duplicative of the Trade Secret Counterclaims.

On its face the argument that trade secret and patent claims are duplicative defies common sense and logic: a patent, by its very nature, is publicly filed and disclosed while a trade secret, by its nature, is secret and protected from public disclosure. The two are mutually exclusive. Beyond this basic fallacy, Symphony's argument fails because (1) it ignores the various trade secrets and patents at issue in the two cases that do not relate to IMS's de-identification technology, and thus have no overlap or duplication, and (2) it ignores the targeted scope of the patent case relating to certain methods of IMS Health's de-identification technology versus the considerably broader scope of the trade secret case. As such, Symphony's Motion to Dismiss should be denied.

## II. BACKGROUND

On September 30, 2013 IMS Health asserted several counterclaims, including the Trade Secret Counterclaims. The Trade Secret Counterclaims are based on Symphony's unlawful scheme to obtain IMS Health's trade secrets and confidential information by targeting key IMS Health employees (and a vendor) who have intimate knowledge of IMS Health's non-public trade secrets and other confidential information and putting them in positions that will inevitably lead to the use and/or disclosure of IMS Health's protected information. The trade secrets and confidential information Symphony is alleged to have illicitly obtained and misused relate to a broad swath of IMS Health's business processes, know-how, software, data, systems, and strategies. While the Trade Secret Counterclaims do allege that Symphony has illegally exploited IMS Health's trade secrets and confidential information relating to technologies and processes IMS Health has developed to de-identify patient information (a critical component to

certain of IMS Health's anonymized patient tracking products and services), they also charge Symphony with a campaign to steal various other of IMS Health's trade secrets and confidential information, ranging from its confidential processes for acquiring and analyzing electronic medical record ("EMR") data to IMS Health's proprietary data sampling and panel design software and processes. E.g., Am. Counterclaims at ¶¶ 25-27, 46-47, 54, 63, 68-73, 101-102. On December 20, 2013, IMS Health filed the Patent Action asserting that Symphony infringed on three separate patents held by IMS Health. A copy of the Complaint in the Patent Action is attached as Exhibit A. Two patents relate to certain aspects of IMS Health's de-identification technology. The third patent, however, is entirely unrelated to the de-identification technology, but is instead technology used to determine the post-launch performance of a product on a market. See Exh. A at Count III: Infringement of U.S. Patent No. 7,577,578. Nevertheless, Symphony now contends that this Court should dismiss the Trade Secret Counterclaims because they are "duplicative" of the Patent Action. (Reply Brief at 4.) Symphony is wrong.

III. ARGUMENT

In evaluating whether to dismiss a duplicative action, courts within the Third Circuit employ the narrow "truly duplicative" standard. That is, the cases must be "materially on all fours" with one another. Photomedex, Inc. v. St. Paul Fire & Marine Ins. Co., No. 09-00896, 2009 U.S. Dist. LEXIS 65335, at *13 (E.D. Pa. July 28, 2009) (citing Grider v. Keystone Health Plan Cent., Inc., 500 F.3d 322, 333 n.6 (3d Cir. 2007)); CertainTeed Corp. v. Nichiha USA, Inc., No. 09-3932, 2009 U.S. Dist. LEXIS 101354, at *8 (E.D. Pa. Oct. 30, 2009); Kedia v. Jamal, No. 06-6054, 2007 U.S. Dist. LEXIS 30343, at *8 (D.N.J. Apr. 25, 2007) (citing Compl. of Bankers Trust Co. v. Chatterjee, 636 F.2d 37, 40 (3d Cir. 1980) ("It is important to note, however, that only truly duplicative proceedings be avoided. When the claims parties or requested relief differ, deference may not be appropriate."). "The issues must have such an identity that a determination

in one action leaves little or nothing to be determined in the other." Photomedex, 2009 U.S. Dist. LEXIS 65335, at *13 (internal quotation marks omitted). Even when two cases "overlap with respect to *many* of the same issues" (but "do not involve *all* of the same legal issues"), the cases are not truly duplicative. Id. at *15 (emphasis in original). At best, the Patent Action and the Trade Secret Counterclaims can be said to have some overlap at the margins. This is insufficient to find them truly duplicative.[1]

Symphony attempts to connect the claims by stating that the Patent Action is "based on the same trade secrets at issue in its counterclaims here." (Reply Brief at 1.) Symphony also contends that the Patent Action "involve[es] the same de-identification technology at issue in its counterclaims." (Reply Brief at 4.) Symphony, however, ignores three key facts.

First, the subject matter of trade secrets and patent cases are mutually exclusive – the opposite of duplicative. Patents are public. Trade secrets are not. Thus, patent claims necessarily do not encompass trade secrets, and vice versa. Beane v. Beane, 856 F. Supp. 2d 280, 304 n.21 (D.N.H. 2012) ("[T]he patent process route to intellectual property protection is the antithesis of the trade secret approach – with the result that information contained in publicly filed patents and patent applications cannot be a trade secret." (internal quotation marks

---

[1] The cases cited by Symphony for the erroneous proposition that the Trade Secret Counterclaims should be dismissed in favor of the Patent Action are easily distinguished. Colorado River analyzed whether a Federal Court should abstain from adjudicating a claim in light of a preexisting related state proceeding, not whether a federal court should dismiss a second federal lawsuit in favor of a first federal lawsuit. Colorado River Water Conservation Dist. v. U. S., 424 U.S. 800, 814 (1976). While Colorado River does mention that federal courts should avoid duplicative litigation, it does not shed light on what "duplicative" means, and did not consider the issue, instead basing its abstention decision on obviously fact-specific Congressional policy. Id. at 817. Remington, unlike here, involved an "identity of issues" and equivalent relief sought. Remington Rand Corp.-Delaware v. Bus. Sys. Inc., 830 F.2d 1274, 1276 (3d Cir. 1987). Curtis specifically warned that courts must not "be swayed by a rough resemblance" between two lawsuits when considering a dismissal, and went on to allow the plaintiff to maintain the second action with respect to the claims that were not identical to those in the first action. Curtis v. Citibank, N.A., 226 F.3d 133, 136 (2d Cir. 2000). Finally, Nilssen involved an appellate court considering a trial court's decision to *separate* two categories of claims that made up a single lawsuit into two lawsuits, not whether a second lawsuit should be dismissed in favor of a first. Nilssen v. Motorola, Inc., 255 F.3d 410 (7th Cir. 2001).

omitted)) (citing Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, L.L.C., 637 F.3d 604, 611-12 (5th Cir. 2011)); United States v. Hsu, 185 F.R.D. 192 (E.D. Pa. 1999) (noting that information disclosed in a patent is no longer entitled to trade secret protection).

Second, the allegations related to the Trade Secret Counterclaims extend well beyond the de-identification technology that is at issue in the Patent Action. While IMS Health does allege the misappropriation of trade secrets related to de-identification technology, this is only one aspect of its claims. IMS Health further alleges that, through poaching of its former employees Gregory Hess, Eileen Fonseca, Patrick Stewart, Eugene Feivitz, and Jason Schlesinger, Symphony wrongfully obtained and is misusing (or will misuse) trade secrets related to, among other things, IMS Health's methods to load and process EMR data, algorithms for projection methodologies, and data sample and panel designs. E.g., Am. Counterclaims at ¶¶ 25-26, 46-47, 54, 63, 68-73. These trade secrets and confidential information are distinct from the de-identification technology and feature nowhere in the Patent Action.

Third, the Patent Action includes an infringement claim wholly unrelated to de-identification technology. Count III of the Patent Action alleges infringement of U.S. Patent No. 7,577,578, entitled "Method for Determining the Post-Launch Performance of a Product on a Market." This plainly bears no relationship to de-identification technology (a fact conveniently overlooked by Symphony).

Under the Third Circuit's narrow standard, the Trade Secret Counterclaims and Patent Action are simply not duplicative.

## IV. CONCLUSION

In its latest effort to conceal the real competitive dynamic between the parties – *i.e.* one in which Symphony freeloads off the investment of IMS Health – Symphony makes a baseless argument that the Trade Secret Counterclaims should be dismissed as duplicative of the Patent Action. It is apparent from the face of the allegations that the Trade Secret Counterclaims are not "truly duplicative" or "materially on all fours" with the Patent Action. They require different proofs and involve different factual allegations. As such, this Court should deny Symphony's attempt to conflate these claims. The Trade Secret Counterclaims should not be dismissed as duplicative.

Dated: January 21, 2014

Respectfully submitted,

*/s/ Barak A. Bassman*
Barbara W. Mather
Barbara T. Sicalides
Barak A. Bassman
Sara B. Richman
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799
215.981.4000

Richard I. Werder
Stephen R. Neuwirth
Steig D. Olson
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Counsel for IMS Health*

**CERTIFICATE OF SERVICE**

I, Barak A. Bassman, hereby certify that on January 21, 2014, I caused a true and correct copy of the foregoing Sur-Reply Memorandum of Law in Opposition to Symphony's Motion to Dismiss the Amended Counterclaims of IMS Health Incorporated to be served on the following counsel of record via email and ECF Transmission:

> Leslie E. John
> Jason A. Leckerman
> Marcel S. Pratt
> Ruth S. Uselton
> BALLARD SPAHR LLP
> 1735 Market Street
> 51st Floor
> Philadelphia, PA 19103

*/s/ Barak A. Bassman*