UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SYMPHONY HEALTH SOLUTIONS CORPORATION et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>IMS HEALTH INCORPORATED,<br><br>    Defendant. | Case No. 2:13-cv-04290 |

**PLAINTIFFS SYMPHONY HEALTH SOLUTIONS CORPORATION,
SOURCE HEALTHCARE ANALYTICS LLC, AND IMPACTRX, INC.'S REPLY
MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION FOR
CLARIFICATION OF THE COURT'S AUGUST 18, 2014 ORDER**

Dated: October 1, 2014

                Leslie E. John (I.D. No. 62290)
                john@ballardspahr.com
                Jason A. Leckerman (I.D. No. 87915)
                leckermanj@ballardspahr.com
                Ruth S. Uselton (I.D. No. 208089)
                useltonr@ballardspahr.com
                Marcel S. Pratt (I.D. No. 307483)
                prattm@ballardspahr.com
                **BALLARD SPAHR LLP**
                1735 Market Street, 51st Floor
                Philadelphia, PA 19103
                Telephone: (215) 665-8500
                Facsimile: (215) 864-8999

                *Attorneys for Plaintiffs Symphony Health
                Solutions Corporation, Source Healthcare
                Analytics LLC, and ImpactRx, Inc.*

Plaintiffs/Counterclaim-Defendants Symphony Health Solutions Corporation, Source Healthcare Analytics LLC, and ImpactRx, Inc. (collectively, "Symphony Health" or "Symphony") respectfully submit this reply memorandum of law in support of their Motion for Clarification of this Court's August 18, 2014 Order.

## I.  INTRODUCTION

IMS mischaracterizes Symphony Health's motion for clarification as one for "reconsideration."  But, Symphony Health in no way seeks reconsideration of the Court's holdings that: (1) IMS failed to allege "actual legal damage" resulting from Symphony Health's relationship with the De-Identification Vendor, Management Science Associates ("MSA"); and (2) IMS had not sufficiently alleged that any trade secrets or confidential information had been misappropriated or disclosed, nor that such disclosure was "inevitable."  Instead, Symphony Health asks for clarification because these holdings, which supported the Court's dismissal of IMS's tortious interference counterclaim, equally compel the dismissal of IMS's counterclaims for misappropriation of trade secrets, improper procurement of confidential information, and unfair competition to the extent they relate to Symphony Health's relationship with MSA—because each of those counterclaims likewise requires proof of actual harm.

Symphony Health respectfully submits that it runs contrary to the spirit and logic of the Court's Order to allow IMS to pursue these three counterclaims where the Court has found—in the context of dismissing a related counterclaim—that the alleged facts, even if proven true, show that no misappropriation or improper procurement has occurred and that IMS suffered no injury.  Instead of acknowledging the inherent conflict between the Court's Order and IMS's pursuit of additional counterclaims relating to MSA, IMS asks the Court to set this litigation down a path that allows IMS to litigate three counterclaims based on conduct that, according to the Court, IMS failed to allege caused any cognizable harm.

Indeed, discovery in this case illustrates why IMS has failed to allege these essential elements. After scouring over 100,000 pages of documents that MSA produced for evidence of wrongdoing, IMS can only ground its case on a single email showing that a Symphony Health employee asked MSA for a copy of a request for proposal template that the employee created when he worked at SDI in 2008. Most telling is that IMS does not even claim that the email or any other MSA documents satisfy the legal elements for its counterclaims or otherwise contradict the Court's holding that IMS could not allege actual injury.[1]

Accordingly, Symphony Health asks this Court to clarify whether IMS may pursue any of its counterclaims to the extent they are based on Symphony Health's relationship with the De-Identification Vendor, MSA.

## II. DISCUSSION

### A. Symphony Health's Motion Does Not Ask the Court to "Reconsider" Prior Orders

IMS mischaracterizes Symphony Health's motion as two things: (1) a motion for reconsideration of this Court's August 18, 2014 Order; and (2) a motion for reconsideration of the Order of Judge Cathy Bissoon (W.D. Pa.), which compelled MSA (located in Pittsburgh) to produce documents in response to IMS's subpoena. Symphony Health's motion is neither.

Symphony Health is not asking the Court to "reconsider" its August 18, 2014 Order because Symphony Health does not disagree with the Court's holdings at issue: that IMS has not alleged any injury stemming from Symphony Health's relationship with MSA and that no trade secrets have been, nor inevitably will be, disclosed. (Order ¶ 4, ECF No. 64 (Aug. 18, 2014).) Rather, Symphony Health agrees with those holdings and seeks guidance on the impact

---

[1] One June 20, 2014, IMS sent a letter to MSA complaining that MSA's third party productions only supported "Symphony's defenses, but not IMS Health's actual claims."

of those holdings on the MSA-related claims other than the tortious inference claim that the Court dismissed, as those claims equally require proof of actual harm that IMS has failed to allege. If IMS's interpretation of the Court's Order is correct, the litigation will proceed down contradictory paths where, on the one hand, IMS cannot pursue one tort claim dismissed by this Court for the failure to allege injury based on the Symphony Health-MSA relationship, but on the other hand, IMS is allowed to pursue *three* other tort claims based on the same relationship. Symphony Health seeks clarification to avoid this result.

IMS also claims that Symphony Health's motion asks the Court to "reconsider" Judge Bissoon's Order that compelled MSA to produce documents. IMS attempts to portray Symphony Health's motion as a request for improper relief that violates jurisdictional and procedural rules, which is neither true nor convincing. Symphony Health had no involvement in the proceedings before Judge Bissoon and has never asked this Court to take any action with respect to Judge Bissoon's Order, and as IMS notes, MSA apparently has already complied with that Order rendering moot any debate over its propriety. (IMS Opp. at 3, 14.) Symphony Health's motion discussed Judge Bissoon's Order and MSA's discovery efforts simply to illustrate the large amount of discovery that the MSA-related claims will unnecessarily inject into this case without clarification from the Court.

  **B.**   **After Scouring Over 100,000 Pages of Documents That MSA Produced, IMS Found No Evidence That Proves Actual Injury Or Satisfies the Legal Elements of Claims for Misappropriation of Trade Secrets, Improper Procurement of Confidential Information, Or Unfair Competition**

MSA produced over 100,000 pages of documents to IMS. Symphony Health has also produced a substantial number of documents, many of which were culled using search terms that IMS selected pertaining to de-identification technology and MSA. After ostensibly scouring these documents for evidence of improper conduct, IMS has failed to find any evidence that

supports its claims.[2] IMS remains incapable of articulating with any particularity the specific trade secrets that are at issue in its counterclaims.

Although IMS points to one document that purportedly supports its claims, in reality that document does nothing to advance its position.[3] IMS cites a single email from a Symphony Health employee asking MSA for an RFP template that the employee himself created as an SDI Health employee over six years ago, *i.e.*, prior to IMS's acquisition of SDI Health, to ask for input from de-identification vendors. IMS does not contend that the email or any other document satisfies the legal elements of a misappropriation or improper procurement claim, or that the documents are causally linked to any cognizable injury that IMS actually suffered. The Court's holding remains equally applicable.

IMS also harps on its allegation that "MSA has placed the same team of employees on IMS Health and Symphony projects without any screen or firewall." (*See* IMS Opp. at 5.) But that is an issue for IMS to raise with MSA, not Symphony Health. In any event, the mere fact that Symphony Health engaged MSA and communicated with the same MSA employees, as this Court already recognized, does not mean that trade secrets have been disclosed or inevitably will be disclosed. (Order ¶ 4 ("When one vendor works with two

---

[2] As IMS notes in its opposition brief, it has been receiving and reviewing documents from MSA since May 2014. (IMS Opp. at 8.)

[3] IMS attached to its opposition brief confidential documents it obtained from de-identification vendor MSA, which are not properly considered on a motion to dismiss. If those documents, which are "matters outside the pleadings," are "presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." *See* Fed. R. Civ. P. 12(d).

4

customers, it is hardly inevitable that the vendor will always disclose one customer's secrets to the other.").[4])

### C. Having Alleged No Actual Harm, IMS Should Not Be Allowed to Maintain Three Claims Based on Symphony Health's Engagement of MSA

In dismissing the tortious interference claim based on MSA, the Court recognized that IMS did not sufficiently allege that Symphony Health's engagement of MSA caused any "actual legal damage" or that IMS's trade secrets would inevitably be misappropriated or disclosed by MSA.[5] Based on this Court's holding, and IMS's failure to contend otherwise, it is beyond dispute that *no* trade secrets or confidential information have been disclosed and that IMS suffered no actual legal damage. Like its tortious interference claim, IMS's counterclaims for misappropriation of trade secrets, improper procurement, and unfair competition each require

---

[4] The Court recognized that IMS's theory of inevitable harm raised significant policy concerns:

> THE COURT: What are the implications of that in terms of commerce globally? In other words, can a company like IMS say, if you were our vendor once, you can never be a vendor for someone else? And why shouldn't that be troubling the Court?

(*See* July 25, 2014 Hearing Transcript at 16:13-17.)

[5] The Court held:

> A claim for tortious interference requires that the plaintiff has suffered actual harm. *Reading Radio, supra*, 833 A.2d at 211 (articulating the elements of tortious interference with contract, including "the occasioning of actual legal damage as a result of the defendant's conduct."). Here, IMS insists that it will "inevitably" suffer because of Symphony's relationship with the de-identification vendor. Predictions of future harm by itself does not suffice to show actual legal damage. Furthermore, I am not convinced that harm is, in fact, inevitable. When one vendor works with two customers, it is hardly inevitable that the vendor will always disclose one customer's secrets to the other.

(Order ¶ 4, ECF No. 64.)

5

proof of actual harm[6]; indeed, injury-in-fact is a constitutional perquisite to bringing claims in federal court. (*See* Symphony Health Opening Mem. at 2-3, ECF No. 68-1.) Thus, the Court's finding that IMS failed to allege actual harm equally supports dismissal of these counterclaims to the extent they are based on Symphony Health's relationship with MSA. Noticeably, IMS never disagrees with the proposition that each of its three counterclaims require the same type of actual harm as a tortious interference claim.

IMS's rationale for pursuing these counterclaims is that Symphony Health's relationship relates to a "scheme" by Symphony Health to steal IMS's trade secrets. IMS cannot circumvent this Court's findings that IMS failed to allege that it suffered any injury or that any misappropriation occurred by characterizing Symphony Health's alleged conduct as a "scheme." Whether Symphony Health allegedly employed a "scheme" or performed discrete act, IMS must still allege an injury stemming from Symphony Health's relationship with MSA. If the MSA-related acts in the alleged "scheme" caused no injury to IMS, as the Court found, they cannot serve as the basis for liability.

IMS attempts to bootstrap its claims relating to MSA to the surviving claims involving Symphony Health's hiring of IMS's former employees. But, this Court *never* found that Symphony Health's engagement of MSA, a de-identification vendor, was related to IMS's employee-related claims. The Court distinguished between the MSA-related claims and the employee-related claims, only finding that "IMS has alleged that Symphony targeted for hire *groups of employees* . . . with the purpose of appropriating IMS's trade secrets." (Order ¶ 3, ECF

---

[6] IMS also claims that Symphony Health did not move to dismiss these three Counterclaims. (IMS Opp. at 6.) But, Symphony Health moved to dismiss all of IMS's Counterclaims, some in part based on the same grounds as the dismissed tortious interference claim relating to MSA. (*See* Symphony Mot. to Dismiss at 2 (ECF No. 30); Symphony Health Mem. of Law in Support of Mot. to Dismiss at 22-23, 24-25 (ECF No. 30-1); Symphony Reply Br. at 7 n.4 (ECF No. 40-1).)

No. 64 (emphasis added).)  To the contrary, with respect to Symphony Health's hiring of MSA, the Court separately found that trade secret disclosure was not even inevitable.  (*Id.* ¶ 4.)  Never did the Court align Symphony Health's engagement of MSA with the hiring of IMS Health's former employees.

Accordingly, Symphony Health respectfully requests an Order clarifying the Court's Order entered August 18, 2014 to state that Counterclaims I (misappropriation of trade secrets), II (improper procurement of confidential information), and IX (unfair competition), to the extent they are based on Symphony Health's relationship with the De-Identification Vendor, MSA, are dismissed.

Respectfully submitted,

Dated:  October 1, 2014

*/s/ Leslie E. John*
Leslie E. John (I.D. No. 62290)
john@ballardspahr.com
Jason A. Leckerman (I.D. No. 87915)
leckermanj@ballardspahr.com
Ruth S. Uselton (I.D. No. 208089)
useltonr@ballardspahr.com
Marcel S. Pratt (I.D. No. 307483)
prattm@ballardspahr.com

**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone:  (215) 665-8500
Facsimile:  (215) 864-8999

*Attorneys for Plaintiffs Symphony Health Solutions Corporation, Source Healthcare Analytics LLC, and ImpactRx, Inc.*